PRELUDE, INC., Grant Waldman, Robert Madrick, and Alex Febles, Appellants,

v.

M. Dolores JORCYK, Barbary Coast, II, Inc., Daniel Laurence Rubini, Esquire, Lawrence R. Scheetz, Esquire, Williams & Scheetz, P.C., Appellees.

Superior Court of Pennsylvania.

Argued Nov. 26, 1996.

Filed June 6, 1997.

Marlena Siegel, Philadelphia, for appellants.

Leslie Ann Miller, Philadelphia, for Rubini, appellee.

James Prahler, Philadelphia, for Scheetz and Williams & Scheetz, appellees.

Before CAVANAUGH, J., CIRILLO, President Judge Emeritus, and POPOVICH, JOHNSON, HUDOCK, FORD ELLIOTT, SAYLOR, EAKIN and SCHILLER, JJ.

CAVANAUGH, *Judge.*

We quash this appeal. In recognition of our disposition, we relate only so much of the history and facts as are necessary to explain our position. Appellant/Plaintiffs are Waldman, Madric, & Febles who are principal officers and employees of appellant Prelude, Inc. Defendants are Barbary Coast,II, Inc. and M. Dolores Jorcyk its only shareholder, as well as attorneys-at-law Rubini and Scheetz and Williams & Scheetz, P.C., a law firm. Appellees are the lawyer and law firm defendants.

Appellants leased a restaurant and bar and, by addendum, a liquor license in New Hope, Pennsylvania from Jorcyk and Barbary Coast who owned the facility and held the liquor license. With the professional assistance of attorney Rubini, appellants thereafter entered into an agreement of sale with Jorcyk & Barbary to purchase the real estate, the bar and restaurant business and liquor license. Several months later, Scheetz and Williams and Scheetz undertook representation of the lessee/purchasers as successor to Rubini.

A dispute arose, and lessor-sellers successfully pursued an action in ejectment. Lessee-purchasers presently assert that the illegality of the purported transfer of a pecuniary interest in a liquor license was never made an issue in the ejectment action by their attorneys to their economic harm and loss.

In the present suit, the ejected lessees sued Jorcyk and Barbary Coast,II with counts of unjust enrichment, conversion, indemnification and fraud and the attorney defendants who were charged with counts of "professional negligence, malpractice."

The attorney defendants filed preliminary objections which were granted and the amended complaint as to Rubini, Scheetz and Williams and Scheetz was dismissed with prejudice.

This appeal is from the order dismissing the complaint as to the three attorney defendants. The attorney defendants have moved to quash the appeal. Argument on the quashal motion was heard in conjunction with argument on the appeal before this court en banc on November 26, 1996.

■ It is clear that the subject order, which dismissed the claims against three of the five defendants and did not extend to the surviving defendants, is not a final appealable order. Pa.R.A.P. 341 Final Orders; Generally, provides:

(a) **General Rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.

(b) **Definition of Final Order.** A final order is any order that:

(1) disposes of all claims or of all parties.

In addition, the Note to Rule 341 states:

The following is a partial list of orders previously interpreted by the courts as appealable as final orders under Rule 341 that are no longer appealable as of right unless the trial court or administrative agency makes an express determination that an immediate appeal would facilitate resolution of the entire case and expressly enters a final order pursuant to Rule 341(c):

(4) an order dismissing an action as to less than all plaintiffs or as to less than all defendants but leaving pending the action as to other plaintiffs and other defendants.

■ At this stage, we take note of the relevant fact that both of the surviving defendants to the amended complaint have elected to pursue bankruptcy under federal law. Bankruptcy, of course, triggers an automatic stay of proceedings against the bankrupt, 11 U.S.C.A. § 362(a). However, we have permitted otherwise proper appeal proceedings to go forward against non-bankrupt defendants. *DiDio v. Phila. Asbestos Corp.,* 434 Pa.Super. 191, 642 A.2d 1088 (1994); *Brown v. Phila. Asbestos Corp.,* 433 Pa.Super. 131, 639 A.2d 1245 (1994). *See also, Maritime Electric Co. v. United Jersey Bank,* 959 F.2d 1194 (3d Cir.1991). We conclude that there is no stay impediment to our proceeding with this appeal including consideration of the jurisdictional issue.

█ We next consider that the lack of a final order under Pa.R.A.P. 341 does not operate as an absolute bar to consideration of an appeal which is final as to less than all defendants. Under Pa.R.A.P. 341(c), the trial court may enter an order of finality after making an express determination that an immediate appeal would facilitate resolution of the entire case. This avenue of appeal was not pursued.[1] The Rule 341(c) option is designed to be exclusive as the provision concludes "in the absence of (an order of finality) (the partial disposition) *shall not constitute a final order.*" (Emphasis added.)

█ Rule 341 is fundamental to the exercise of jurisdiction by this court. It is not surprising, therefore, that the rule has been rigorously applied. *See, e.g., Robert H. McKinney, Jr., Assocs. v. Albright*, 429 Pa.Super. 440, 632 A.2d 937 (1993) (applying amended Rule 341 and quashing an appeal from the dismissal of a complaint against one of two defendants); *Bell v. State Farm*, 430 Pa.Super. 435, 634 A.2d 1137 (1993) (applying amended Rule 341 and quashing an appeal from the dismissal of one count of the plaintiffs' complaint); *Luiziaga v. Psolka*, 432 Pa.Super. 26, 637 A.2d 645 (1994) (applying amended Rule 341 and quashing an appeal from the denial of a petition to intervene); *Continental Bank v. Andrew Bldg. Co.*, 436 Pa.Super. 559, 648 A.2d 551 (1994) (applying amended Rule 341 and quashing an appeal from an order striking the defendant's new matter and counterclaim); *Bonner v. Fayne*, 441 Pa.Super. 432, 657 A.2d 1001 (1995) (applying amended Rule 341 and quashing an appeal from the grant of summary judgment which dismissed an action as to fewer than all defendants). *Smith v. Columbia Gas of Pa.*, 446 Pa.Super. 481, 667 A.2d 404 (1995) (judgment on pleading as to additional defendant left undisturbed action against original defendant—appeal quashed). *Kirby Electric, Inc. v. Jet Contracting Corporation*, 447 Pa.Super. 1, 665 A.2d 1293 (1995) (case dismissed as to less than all defendants; appeal quashed). The failure to achieve an "express determination" under 341(c), is fatal to our jurisdiction for the present appeal.

This leaves the question of whether the bankrupt status of the two remaining defendants obviates the need for 341(c) "final order" determination to preserve our jurisdiction. We decide that it does not. As we have stated, appellant failed to seek an order of finality under Pa.R.A.P. 341(c). Also, the bankrupt status could be discharged which would negate the automatic stay or the appellants have the option of seeking relief from the stay pursuant to 11 U.S.C.A. 362(d). Although neither alternative would solve appellants partial appeal problem, such action (or failure to act) would be relevant to a proper trial court determination of finality under Rule 341(c). See Note to Rule 341 which lists some factors to be considered in making a determination of finality. Thus, we may not assume the permanency of the inactive status or the stay order as to the bankrupt defendants. Nor may we presume the outcome of a 341(c) finality determination by the trial court.

We hold that, in the absence of an appropriate order of finality under Pa.R.A.P. 341(c), this appeal must be quashed even in circumstances where the action against the remaining defendants had been stayed by operation of federal bankruptcy laws.

Appeal quashed.

CIRILLO, P.J.E, files a dissenting opinion in which FORD ELLIOTT, J., joins.

CIRILLO, President Judge Emeritus, dissenting:

Because I cannot agree with the conclusion reached by the majority in this case, I must respectfully dissent. Specifically, I hesitate to align myself with the majority's narrow application of Rule 341 of the Pennsylvania Rules of Appellate Procedure.

This case involves an appeal of the trial court's dismissal, with prejudice, of the complaint filed by appellants/ plaintiffs Prelude, Inc., Grant Waldman, Robert Madrick, and Alex Febles (referred to collectively as "Prelude") as against appellees/defendants, Dan-

---

1. Appellants, in their civil docketing statement filed with this court, have improperly stated that this appeal is final "pursuant to Pa.R.A.P. 341(c)." This misstatement to the court is a serious breach of counsel's duty of candor toward the court. See applicable Rule 3.3.

iel Laurence Rubini, Esquire, Lawrence R. Scheetz, Esquire, and Williams & Scheetz, P.C. (referred to collectively as attorney appellants). Pursuant to Pa.R.A.P. 341,[1] the dismissal of those defendants is not an appealable order because it leaves two defendants against whom Prelude could proceed, namely, M. Dolores Jorcyk and Barbary Coast, II, Inc. In this case, however, the two defendants who remain have filed for federal bankruptcy protection, which triggers an automatic stay of proceedings against the party who has filed. 11 U.S.C. § 362(a).[2] At the present time, therefore, Prelude is precluded from proceeding against anyone until Jorcyk and Barbary have been discharged from bankruptcy.

The majority has concluded that because Prelude has not availed itself of Pa.R.A.P. 341(c), whereby the trial court can certify an order affecting fewer than all claims as final and make review the present appeal.[3] I cannot agree.

Rule 105(a) of the Pennsylvania Rules of Appellate Procedure states that:

These rules shall be liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable. In the interest of expediting decision, or for other good cause shown, an appellate court may, except as otherwise provided in Subdivision (b) of this rule, disregard the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.

Pa.R.A.P. 105(a), 42 Pa.C.S.A. It is a general rule in this Commonwealth that orders dismissing some, but not all, counts of a multi-count complaint are interlocutory and not immediately appealable. *Bell v. State Farm*, 430 Pa.Super. 435, 634 A.2d 1137 (1993). In this case, however, Prelude's opportunity to proceed against anyone has been foreclosed by a combination of the trial court's dismissal of the complaint as against the attorney defendants, and the subsequent mandatory stay of proceedings against Jorcyk and Barbary due to federal bankruptcy law. While I realize that Rule 341 was amended to stem the flood of cases appealing "final" orders, the result in this case is inequitable.

In *Filipovich v. J.T. Imports, Inc.*, 431 Pa.Super. 552, 637 A.2d 314 (1994), this court held that an order sustaining the preliminary objections of one of two defendants, was immediately appealable, even though the order constituted a dismissal of less than all parties. The rationale behind this decision was that the remaining party, a foreign corporation, in all likelihood could not be served; therefore, the effect of the grant of the preliminary objection was to terminate the litigation. *Id.* at 554 n. 1, 637 A.2d at 315 n. 1.

A liberal construction of Rule 341 allows for a similar result in the instant case. Although the certified record does not indicate under what chapter or chapters of the Bankruptcy Code Jorcyk and Barbary filed, their discharge could take up to five years, *See* 11 U.S.C. § 1322, during which time Barbary could be dissolved and Jorcyk could move out of the jurisdiction of the court. The effect of the trial court's order is to terminate the litigation indefinitely.

Because Prelude has, in effect, been put out of court, I believe that an immediate

1. Section 341 of the Pennsylvania Rules of Appellate Procedure, entitled Final Orders; Generally, states:
   (a) General Rule. Except as prescribed in subdivision (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.
   Pa.R.A.P. 341, 42 Pa.C.S.A.

2. Section 362 of the Bankruptcy Code provides:
   (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]
11 U.S.C. § 362(a)(1).

3. Of the numerous cases cited by the majority, none involves the unique set of facts with which we are presented here.

appeal from the trial court's order is warranted.

FORD ELLIOT, J., joins.