J-S55031-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| VICTOR P. AMRHEIN AND KAREN L. AMRHEIN, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | : | |
| v. | : | |
| JAN J. GARVEY AND ROSEMARY GARVEY, | : | |
| Appellants | : | No. 418 WDA 2015 |

Appeal from the Order Entered February 12, 2015
in the Court of Common Pleas of Beaver County,
Civil Division, at No(s): 11934 of 2010

BEFORE:    FORD ELLIOTT, P.J.E., BENDER, P.J.E, and STRASSBURGER,* J.

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 28, 2015**

Jan J. and Rosemary Garvey (the Garveys) appeal from the February 12, 2015 order which granted in part and denied in part the petition to enforce settlement agreement filed by Victor P. and Karen L. Amrhein (the Amrheins).  Upon review, we quash this appeal.

The relevant history of this case is as follows.  In 2010, the Amrheins filed a complaint and an amended complaint alleging that the Garveys breached covenants to which their land was subject concerning use and maintenance of a paved 50-foot right-of-way which provided access to the public road for both parties.  Specifically, the Amrheins asked the trial court for the following relief:

*Retired Senior Judge assigned to the Superior Court.

A.      Enjoin [the Garveys'] use of the 50' private right-of-way until such time as [the Garveys] comply with the terms of Note "C" [of the plan, which provides that the property owners share maintenance costs equally];

B.      Declare the 50' private right-of-way terminated due to [the Garveys'] failure to abide by the terms of the grant of use of the 50' private right-of-way;

C.      Order [the Garveys] to pay one-half of the maintenance cost pursuant to Note "C"…;

D.      Order [the Garveys] to escrow one-half of estimated repair costs;

E.      Order [the Garveys] to utilize only that portion of the [Amrheins'] land that has the 50' right-of-way; and

F.      Grant such other relief as the [c]ourt deems proper.

Amended Complaint, 11/1/2010, at unnumbered page 3.

By order of October 4, 2011, the trial court scheduled a non-jury trial of the matter to commence on January 30, 2012. Between January 2012 and June 2014, the trial court entertained 12 motions to postpone the trial, 11 of which were filed by the Garveys. By order of June 12, 2014, the trial court denied the final continuance motion. The parties appeared before the trial court on June 23, 2014.

The trial court had the Amrheins' counsel state on the record the terms of an agreement, purportedly reached by the parties that day, which covered numerous issues including, but not limited to, the following: (1) termination of the existing right-of-way and the creation of "recordable easement

agreement" which would implement a different arrangement for maintenance and costs, N.T., 6/23/2014, at 3-9; and (2) payment by the Garveys to the Amrheins of $5,332.65, which was half of the maintenance expenses the Amrheins paid between February 2008 and February 2014, *id.* at 10. The trial court indicated that Amrheins' counsel was to draft, within 30 days of the completion of a new survey, "the different documents that will need to be put together in order to give a final effect to the agreement that we've reached here today." *Id.* at 3, 32.

On November 25, 2014, the Amrheins presented a petition to enforce settlement agreement, alleging therein that the Garveys had neither complied with the terms of the settlement nor submitted a revised proposal. The trial court entered a rule to show cause and scheduled a hearing. The Garveys filed a response in which they alleged that they never entered into a binding agreement; rather, counsel for the Amrheins stated proposed terms to which the Garveys never agreed. Response to Rule to Show Cause, 1/8/2015, at 2. The Garveys also contended that even if there had been an oral agreement regarding the parties' interests in the real estate, it is unenforceable under the statute of frauds. *Id.* at 5-6.

At the hearing on January 22, 2015, counsel presented arguments, but the parties offered no testimony. Counsel for the Amrheins noted that the Garveys, earlier that day, finally filed an answer to the Amrheins' 2010

amended complaint, as well as a new matter and counterclaim, and indicated that their position was that the settlement be enforced as stated or that they proceed to trial. The trial court ultimately concluded: "I don't think we need a trial. I think their case has already been settled." N.T., 1/22/2015, at 19. Accordingly, it indicated that it would enter an order "pursuant to a settlement agreement reached on the record with the transcript…." *Id.* at 20.

However, the trial court thereafter entered an order which granted the Amrheins' enforcement motion only in part. While it granted the motion with respect to the claim for monetary damages, the trial court denied the motion "[w]ith respect to the newly[-]negotiated easement agreement," determining that the statute of frauds precluded it from enforcing the new easement agreement and thus concluding that "the existing easement agreement between the parties shall remain in full force and effect." Order, 2/12/2015. The Garveys timely filed a notice of appeal.

While no party has questioned the appealability of the February 12, 2015 order, "[w]e may examine the issue of appealability *sua sponte* because it affects the Court's jurisdiction over the case. An appeal must be taken from a final order." *In re Miscin*, 885 A.2d 558, 561 (Pa. Super. 2005) (citations omitted). The definition of a final order is provided in Rule 341 of the Pennsylvania Rules of Appellate Procedure. "Rule 341 is

fundamental to the exercise of jurisdiction by this court." **Prelude, Inc. v. Jorcyk**, 695 A.2d 422, 424 (Pa. Super. 1997) (*en banc*).

Rule 341 provides in relevant part as follows:

**(b) Definition of final order.** A final order is any order that:

(1) disposes of all claims and of all parties; or

(2) is expressly defined as a final order by statute; or

(3) is entered as a final order pursuant to subdivision (c) of this rule[ (*i.e.*, upon the trial court's express determination that an immediate appeal as to fewer than all claims and/or parties would facilitate resolution of the entire case.)].

Pa.R.A.P. 341. **See also** 42 Pa.C.S. § 742 ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas….").[1]

No statute defines the trial court's February 12, 2015 order as a final order, and the trial court did not add the language required to satisfy subdivision (c). Thus, the order is final only if it disposes of all claims and all parties.

Because the trial court determined that there was no enforceable settlement of any issue other than the Garvey's share of past maintenance and that the original covenant remains in place, there has been no resolution of the majority of the Amrheins' original claims (*e.g.*, to terminate the

---

[1] The Garveys cite 42 Pa.C.S. § 742 as the basis for this Court's jurisdiction over the instant appeal. Garveys' Brief at 1.

existing easement, to enjoin the Garveys from using the right of way until they comply with the original agreement, to require the Garveys to escrow half of the estimated repair costs, and to order the Garveys to use only that portion of the Amrheins' land that is within the 50-foot right-of-way).[2] There is no indication in the record that the Amrheins have dismissed those claims; to the contrary, counsel expressly demanded a trial in the absence of enforcement of the entire agreement. N.T., 1/22/2015, at 19.

Accordingly, the trial court's February 12, 2015 order does not dispose of all of the Amrheins' claims. Because this Court has no jurisdiction over the interlocutory order granting in part but denying in part the Amrhein's petition to enforce settlement, we must quash the appeal. **See**, **e.g.**, **Levitt v. Patrick**, 976 A.2d 581, 588 (Pa. Super. 2009) ("If any claim remains outstanding and has not been disposed of by the trial court, then … this Court lacks jurisdiction to entertain the appeal….").

Appeal quashed.

---

[2] Although the propriety of the trial court's determination that the statute of frauds precludes enforcement of the new easement agreement is not before us, we note that there is precedent to the contrary. **See Aetna Electroplating Co. v. Jenkins**, 484 A.2d 134, 136 (Pa. Super. 1984) ("[A]greements made before the court need not be in writing. … Counsel cannot play fast and loose with the court. If he enters an agreement as part of a proceeding before the court, he cannot assert the statute of frauds as a defense to an action to enforce the same. The statute of frauds was intended to prevent fraud; it cannot be used as a vehicle to avoid agreements entered in open court.").

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>9/28/2015</u>