J-A23039-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANDREAS M. SCHILIT, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| EQT CORPORATION A/K/A EQUITABLE | : | |
| RESOURCES INC A/K/A EQUITABLE | : | |
| GAS COMPANY, EQUITABLE GAS CO. | : | |
| LLC A/K/A PEOPLE NATURAL GAS | : | |
| COMPANY LLC, DUQUESNE LIGHT CO., | : | |
| JRD DEVELOPMENT COMPANY LLC, | : | |
| JEFF RECK, SUE YENCIK, ARBORS | : | |
| MANAGEMENT, BERNSTEIN LAW FIRM | : | |
| PC A/K/A BERNSTEIN-BURKLEY, PC, | : | |
| JAMES WALLACE, AND JOHN R. | : | |
| DEKLEWA, | : | |
| | : | |
| Appellees | : | No. 45 WDA 2016 |

Appeal from the Order December 9, 2015,
in the Court of Common Pleas of Allegheny County,
Civil Division, at No(s): GD 14-008994

BEFORE:    LAZARUS, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED OCTOBER 20, 2016**

Andreas Schilit (Appellant) appeals from the order entered December 19, 2015, wherein the trial court sustained the preliminary objections filed by EQT Corporation a/k/a Equitable Resources, Inc. a/k/a Equitable Gas Company a/k/a Peoples Natural Gas Company (Equitable Defendants), Bernstein Law Firm, P.C. a/k/a Bernstein-Burkley, P.C. (Bernstein Defendants), John R. Deklewa, JRD Development Company, LLC, Jeff Reck, Susan Yencik, and Arbors Management. Upon review, we quash this appeal.

*Retired Senior Judge assigned to the Superior Court.

The relevant history of this long and tortuous case can be summarized as follows. On August 27, 2014, Appellant filed a second amended complaint in this matter. The defendants named in that complaint were the Equitable Defendants, the Bernstein Defendants, JRD Development Company, Arbors Management, Deklewa, Reck, Yencik, and James Wallace. J. Michael McCague, Esquire, entered his appearance on behalf of Wallace. A third amended complaint was filed on October 20, 2014. All defendants except for Wallace filed preliminary objections to the third amended complaint, and on March 16, 2015, Appellant filed a fourth amended complaint. Once again, all defendants except for Wallace filed preliminary objections to the fourth amended complaint.

On April 29, 2015, Appellant filed a fifth amended complaint. All defendants except for Wallace filed a petition to strike the fifth amended complaint because the preliminary objections to the fourth amended complaint had not yet been ruled upon. In an order filed on December 9, 2015, the trial court stated the following:

> 1. Upon consideration of the "Motion to Strike Fifth Amended Complaint," which motion had been filed on behalf of Duquesne Light Company and has since been joined in by [the Equitable Defendants,] Arbors Management, and [the Bernstein Defendants], the motion is granted. [Appellant's] fifth amended complaint is stricken. The motion to strike accurately observes that the fifth amended complaint does nothing material to

address the issues raised by defendants in prior preliminary objections.[1]

2. Upon consideration of "Preliminary Objections to Plaintiff['s] Fourth Amended Complaint" separately filed on behalf of each defendant: [the Bernstein Defendants]; [Deklewa], Duquesne Light Company[; the Equitable Defendants;] Jeff Reck, JRD Development Company, LLC[;] … and Sue Yencik jointly with Arbors Management, the same are sustained. Plaintiff's fourth amended complaint fails to conform to Pa.R.C.P. 1019, which requires that the material facts on which a cause of action is based shall be stated in concise and summary form.

3. The fourth[]amended complaint further violates the pleading requirements by attempting to set forth allegations in the form of an affidavit attached to the complaint, contrary to Pa.R.C.P. 1020(a) and 1022. The affidavit is a reiteration of certain allegations contained in the complaint.

Order, 12/9/2015, at 2-3 (unnecessary capitalization omitted).

On January 6, 2016, Appellant filed a notice of appeal from this order. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and Appellant filed his statement in a timely manner.

Before we reach the merits of this appeal, we consider the appealability of the December 9, 2015 order. *See In re Miscin*, 885 A.2d 558, 561 (Pa. Super. 2005) (holding that even where no party has raised the issue of appealability, "[w]e may examine the issue of appealability *sua*

---

[1] Our review of the docket reveals that all defendants except Wallace joined in this motion to strike.

J-A23039-16

*sponte* because it affects the Court's jurisdiction over the case. An appeal must be taken from a final order.") (citations omitted).[2]

This Court has jurisdiction over final orders. The definition of a final order is provided in Rule 341 of the Pennsylvania Rules of Appellate Procedure. "Rule 341 is fundamental to the exercise of jurisdiction by this court." *Prelude, Inc. v. Jorcyk*, 695 A.2d 422, 424 (Pa. Super. 1997) (*en banc*). Rule 341 provides in relevant part as follows:

> **(b)** **Definition of final order**.--A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
> (2) RESCINDED
>
> (3) is entered as a final order pursuant to paragraph (c) of this rule.
>
> (c) **Determination of finality**.--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

---

[2] Moreover, Arbors Management and Yencik filed a motion to quash this appeal on this basis, which was denied without prejudice to their right to raise this issue before this panel. No party on appeal set forth this argument in its appellate brief.

Pa.R.A.P. 341. ***See also*** 42 Pa.C.S. § 742 ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas….").

Instantly, the trial court did not add the language required to satisfy paragraph (c); so this order is only appealable if it disposes of all claims and all parties. Wallace did not file preliminary objections to Appellant's fourth amended complaint. Accordingly, the trial court's order sustaining preliminary objections of those parties that filed preliminary objections did not dispose of all parties. Thus, Wallace remains a defendant in this case, the December 9, 2015 is not a final order, and we lack jurisdiction over this appeal. ***See***, ***e.g.***, ***Robert H. McKinney, Jr., Associates, Inc. v. Albright***, 632 A.2d 937 (Pa. Super. 1993) (holding that an order sustaining preliminary objections and dismissing case as to one of two defendants was not a final, appealable order).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 10/20/2016