J-A07045-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| C.F. & B.F. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| L.C., E.G. | : | |
| | : | |
| Appellees | : | No. 1713 WDA 2016 |

Appeal from the Order Entered October 25, 2016,
in the Court of Common Pleas of Indiana County,
Civil Division at No(s): 12752 CD 2015

BEFORE:    OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MAY 24, 2017**

C.F. and B.F. (Maternal Grandparents) appeal from the order entered on October 25, 2016, which sustained preliminary objections filed by E.G. We quash this appeal.

N.C. (Mother) and F.C. (Father) were the biological parents of two children, M.C. (born in 2004) and N.C. (born in 2011) (collectively, Children). Mother died in 2012. After Mother's death, Father and E.G. began dating and eventually came to live together. Father died on December 18, 2015. On the same day, Maternal Grandparents filed a petition for emergency custody of Children, which was granted. On December 21, 2015, L.C. (Paternal Grandmother) filed a petition for emergency custody. By agreement, the December 18, 2015 order was

_____

*Retired Senior Judge assigned to the Superior Court.

vacated and Maternal Grandparents and Paternal Grandmother were provided equal shared legal and physical custody.

On January 22, 2016, E.G. filed a petition for leave to intervene, arguing that she stood *in loco parentis* to Children. On February 12, 2016, Maternal Grandparents filed a complaint for custody requesting primary physical custody of Children.

On April 4, 2016, the trial court granted E.G. permission to intervene, and on April 20, 2016, E.G. filed preliminary objections to Maternal Grandparents' complaint. On April 28, 2016, Maternal Grandparents filed an amended complaint for custody. In the amended complaint, Maternal Grandparents contended they have standing to seek primary physical and legal custody of Children pursuant to 23 Pa.C.S. § 5324(2).[1] They also averred they have standing to seek partial physical custody of Children pursuant to 23 Pa.C.S. § 5325(1).[2]

E.G. again filed preliminary objections. Specifically, she argued that Maternal Grandparents did not have standing to pursue custody pursuant to 23 Pa.C.S. § 5324(2) because they did not stand *in loco parentis* to Children. The trial court held a hearing on the preliminary objections, and on October

---

[1] That statute provides as follows. "The following individuals may file an action under this chapter for any form of physical custody or legal custody … (2) A person who stands *in loco parentis* to the child." 23 Pa.C.S. § 5324(2).

[2] That statute provides that grandparents may file for partial physical custody or supervised physical custody "where the parent of the child is deceased." 23 Pa.C.S. § 5325(1).

- 2 -

25, 2016, the trial court entered an order sustaining E.G.'s preliminary objections, concluding that Maternal Grandparents did not stand *in loco parentis* to Children and therefore could not pursue primary physical and legal custody pursuant to 23 Pa.C.S. § 5324(2).

Maternal Grandparents timely filed a notice of appeal, and both Maternal Grandparents and the trial court complied with Pa.R.A.P. 1925.

Before we reach the issues presented by Maternal Grandparents on appeal, we consider whether we have jurisdiction over this appeal.[3] It is well-settled that this Court has jurisdiction over final orders. The definition of a final order is provided in Rule 341 of the Pennsylvania Rules of Appellate Procedure. "Rule 341 is fundamental to the exercise of jurisdiction by this court." **Prelude, Inc. v. Jorcyk**, 695 A.2d 422, 424 (Pa. Super. 1997) (*en banc*). Rule 341 provides in relevant part as follows:

> **(b)** **Definition of final order**.--A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
> (2) RESCINDED
>
> (3) is entered as a final order pursuant to paragraph (c) of this rule.
>
> (c) **Determination of finality**.--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire

---

[3] Paternal Grandmother and E.G. argue that this appeal should be quashed.

case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341. **See also** 42 Pa.C.S. § 742 ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas….").

Instantly, the trial court did not include the language required to satisfy paragraph (c); so this order is only appealable as a final order if it disposes of all claims and all parties. "'[A] custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties.'" **L.J.C. v. A.W.**, ___ A.3d ___, 2017 WL 1376872, at *2 (Pa. Super. 2017) (quoting **G.B. v. M.M.B.**, 670 A.2d 714, 720 (Pa. Super. 1996)).

In **L.J.C.**, this Court considered an analogous situation. In that case, the mother had primary physical custody of her four children, the grandfather had partial physical custody, and they shared legal custody. The father of two of the children filed a petition for modification of custody seeking primary physical custody of one of his children. The grandfather filed a petition for modification of custody where he requested primary physical custody of all four children. The mother argued that the grandfather lacked standing to pursue primary custody of the children. The

trial court agreed with the mother, and entered an order consistent with that determination. The grandfather filed an appeal to this Court.

On appeal, this Court concluded that the trial court's order was not a final order. It reasoned as follows.

> At the time the trial court entered this order, the petition to modify custody filed by [the father] remained pending and was unaddressed by the court's directive. In addition, although the court concluded that [the g]randfather could not seek primary physical custody of the [g]randchildren, it did not indicate that it was denying or dismissing [the g]randfather's petition to modify. The court concluded that [the g]randfather retains the ability to seek partial physical custody, and it is not clear if [the g]randfather intends to pursue an expanded award of partial physical custody in lieu of primary physical custody. Thus, we conclude that the court has not completed its hearings on the merits, and that the [] order was not intended to completely resolve the custody claims pending between the parties.

*Id*. This Court went on to conclude that the order was not appealable pursuant to the collateral order doctrine.[4] *Id*. Specifically, the trial court concluded that the grandfather's "claim will not be irreparably lost if we postpone review of this matter until the entry of a final order." Id. The grandfather "retained the right to seek partial physical custody, [and] will be able to lodge an appeal once a final order is entered [where] he may challenge the trial court's determination that he lacks standing[.]" *Id*.

---

[4] *See* Pa.R.A.P. 313 (providing that an appeal may be taken as of right from a collateral order where the order is "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost").

Instantly, it is apparent that the order in this case was not "intended by the court to constitute a complete resolution of the custody claims pending between the parties." *Id*. Maternal Grandparents are still parties to the action and can pursue their claim for partial physical custody. Once the trial court resolves all of the custody matters among E.G., Paternal Grandmother, and Maternal Grandparents, any party, including Maternal Grandparents, may appeal. At that juncture, it would be appropriate for this Court to review the trial court's order with respect to Maternal Grandparents' standing should they choose to appeal.

Because the order appealed from is neither a final order nor a collateral order, we quash this appeal.[5]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2017

---

[5] Moreover, we observe that this order does not satisfy the requirements for being an interlocutory appeal as of right pursuant to Pa.R.A.P. 311.