J-A08045-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALEX LAROCHE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BRUCE BEERS AND BEERS & | : | |
| ASSOCIATES, INC., GEORGE A. | : | |
| KOUNOUPIS, ESQUIRE AND HAHALIS & | : | |
| KOUNOUPIS, P.C., | : | |
| | : | |
| Appellees | : | No. 3253 EDA 2017 |

Appeal from the Order Dated September 13, 2017,
in the Court of Common Pleas of Northampton County,
Civil Division at No(s): C-48-CV-2014-11930

BEFORE:     PANELLA, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:     **FILED MAY 02, 2018**

Alex LaRoche appeals from the order entered on September 13, 2017, which granted summary judgment against him and in favor of George A. Kounoupis, Esquire, and Hahalis & Kounoupis, P.C. (collectively, Kounoupis Defendants).  We quash this appeal.

By way of background, in 2008, LaRoche and his wife contracted with Bruce Beers and his company, Beers & Associates, Inc. (collectively, Beers Defendants), to construct a home for $1.1 million.  On February 11, 2011, the Beers Defendants, represented by the Kounoupis Defendants, filed a breach of contract action against LaRoche for allegedly failing to make certain payments (the 2011 case).  On February 22, 2013, the parties filed a praecipe to discontinue the 2011 case.

*Retired Senior Judge assigned to the Superior Court.

> The instant matter commenced on December 15, 2014[,] with [] LaRoche filing a complaint against [the Beers Defendants and the Kounoupis Defendants], setting forth a single claim of wrongful use of civil proceedings as to the [2011 case]…. Then, on July 14, 2017, [the Kounoupis Defendants] filed a motion for leave to file an amended pleading setting forth a cross-claim against [the Beers Defendants]. Three days later, on July 17, 2017, [LaRoche] and [the Beers Defendants] filed a [joint] motion seeking leave of court for [LaRoche] to discontinue the action as to [the Beers Defendants]…. On August 15, 2017, the [trial court] entered an order granting the Kounoupis Defendants' request to file an amended pleading and denying the joint petition by LaRoche and [the Beers Defendants] seeking to allow the termination of the action to the latter. [On August 17, 2017, the Kounoupis Defendants filed a cross-claim against the Beers Defendants].
>
> In the interim, the parties appeared before [the trial court] … to address [LaRoche's] motion for summary judgment as to liability against all defendants, and the Kounoupis Defendants' motion for summary judgment as to the claim against them.

Trial Court Opinion, 9/13/2017, at 2-3 (unnecessary capitalization omitted).

On September 13, 2017, the trial court entered an order denying LaRoche's motion for summary judgment and granting the motion filed by the Kounoupis Defendants. Specifically, the trial court concluded "that [LaRoche] has failed to adduce sufficient evidence to make a *prima facie* showing that the Kounoupis Defendants acted without probable cause or in a grossly negligent manner in bringing the underlying action on [the Beers Defendants'] behalf." **Id**. at 12.

LaRoche timely filed an appeal from that order. Both LaRoche and the trial court complied with Pa.R.A.P. 1925.[1]

Before we reach the issues presented by LaRoche on appeal, we consider whether we have jurisdiction over this appeal. LaRoche suggests that this order is "a final order disposing of all issues and all parties," and thus we have jurisdiction pursuant to Pa.R.A.P. 341(a), which provides that "an appeal may be taken as of right from any final order of a government unit or trial court." LaRoche's Brief at 1.

"Rule 341 is fundamental to the exercise of jurisdiction by this [C]ourt." *Prelude, Inc. v. Jorcyk*, 695 A.2d 422, 424 (Pa. Super. 1997) (*en banc*). *See also* 42 Pa.C.S. § 742 ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas…."). The Rule explains the definition of a final order and provides the following.

(b) **Definition of final order**.--A final order is any order that:

(1)    disposes of all claims and of all parties; or

(2)    RESCINDED

(3)    is entered as a final order pursuant to paragraph (c) of this rule.

(c)    **Determination of finality**.--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final

---

[1] The Beers Defendants sent a letter to this Court stating that they "are not directly involved in the [a]ppeal and will not be filing a [b]rief." Letter from Counsel for Beers Defendants, 12/26/2017.

order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341.

Instantly, the trial court did not include the language required to satisfy paragraph (c) in its order; so, this order is only appealable as a final order if it disposes of all claims and all parties. Here, LaRoche filed a single-count complaint against both the Beers Defendants and the Kounoupis Defendants. In that complaint, LaRoche requested both joint and several liability against both the Kounoupis Defendants and the Beers Defendants for wrongful use of civil proceedings for initiating and maintaining the 2011 case. Complaint, 12/15/2014, at 5. There is no question that the order being appealed from granted summary judgment as to the Kounoupis Defendants only.

Moreover, when LaRoche and the Beers Defendants requested that the trial court permit them to discontinue voluntarily this action against the Beers Defendants, the trial court denied that motion.[2] Thus, at the time the trial court entered summary judgment in favor of the Kounoupis Defendants and

---

[2] "[A] discontinuance may not be entered as to less [sic] than all defendants except upon the written consent of all parties or leave of court upon motion of any plaintiff or any defendant for whom plaintiff has stipulated in writing to the discontinuance." Pa.R.C.P. 229(b)(1). Here, the Kounoupis Defendants did not consent to the dismissal of the Beers Defendants.

against LaRoche, the Beers Defendants were still a party to this action. That situation has not changed. The Beers Defendants are still parties in this action; thus, the order being appealed from is not a final order, and we do not have jurisdiction over this appeal.[3]

Appeal quashed.

Judge Panella did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/2/18

---

[3] Furthermore, we observe that this order does not satisfy the requirements for being an interlocutory order appealable as of right pursuant to Pa.R.A.P. 311; LaRoche has not sought or been granted permission for an interlocutory appeal pursuant to Pa.R.A.P. 312; and this order does not satisfy the requirements for being a collateral order pursuant to Pa.R.A.P. 313(b) ("A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.").