J-S36033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ALIOU DIJIBRILLA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DEMETRIOUS MAROULIS, HUENG W. | : | |
| LEE, HM NEWS CORPORATION, JIM'S | : | |
| PIZZA AND STEAK, INC. | : | |
| | : | |
| Appellees | : | No. 1132 EDA 2023 |

Appeal from the Judgment Entered June 14, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  200700046

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                    **FILED NOVEMBER 30, 2023**

Appellant, Aliou Dijibrilla, appeals from the judgment entered in the Philadelphia County Court of Common Pleas, awarding damages in his favor in the amount of $2,000.00, against Appellee Hueng W. Lee ("Mr. Lee").  We quash the appeal.

The relevant facts and procedural history of this case are as follows.  On July 2, 2020, Appellant filed a complaint against the following defendants: Demetrious Maroulis, Mr. Lee, HM News Corporation,[1] and Jim's Pizza and

---

[1] In the caption of the complaint, Appellant refers to defendant HM New**s** Corporation (emphasis added), but throughout the body of the complaint, Appellant refers to this defendant as HM New Corporation.  It is unclear from the record which spelling is correct.

Steak, Inc. ("Jim's Pizza").[2]  Appellant alleged, *inter alia*, that he contracted Salmonella and became septic after eating three slices of chicken pizza purchased at Jim's Pizza on September 2, 2019.

On May 11, 2022, Appellant secured a default judgment against Mr. Lee, after he had failed to file an answer to Appellant's complaint.  The court held a hearing on damages on March 29, 2023, after which the court took the matter under advisement.  By order entered March 31, 2023, with notice sent on April 3, 2023, the court assessed damages in the amount of $2,000.00 against Mr. Lee.  Appellant timely filed a post-trial motion on April 10, 2023, claiming the court ignored evidence showing that he was entitled to damages in excess of $18,000.00.  The court denied post-trial relief on April 12, 2023.

On May 1, 2023, Appellant filed a notice of appeal.  On May 5, 2023, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant complied on May 15, 2023. This Court subsequently issued an order directing Appellant to *praecipe* the trial court Prothonotary to enter judgment on the verdict.  Judgment was entered on the verdict on June 14, 2023.[3]

_____

[2] Appellant alleged that "Defendants Maroulis, Lee, and HM New[s] Corporation were doing business under the registered fictitious name Jim's Pizza & Steaks."  (Complaint, filed 7/2/20, at ¶6).

[3] Although Appellant purported to appeal from the April 12, 2023 order denying post-trial relief, an appeal in a civil case properly lies from judgment entered following disposition of post-trial motions.  ***See Brown v.***
*(Footnote Continued Next Page)*

As a preliminary matter, we observe that "the appealability of an order directly implicates the jurisdiction of the court asked to review the order." ***Knopick v. Boyle***, 189 A.3d 432, 436 (Pa.Super. 2018) (internal citation omitted). As a general rule, appellate courts have jurisdiction only over appeals taken from a final order. ***In re Bridgeport Fire Litigation***, 51 A.3d 224, 229 (Pa.Super. 2012). A final order in a civil case is one that disposes of all the parties and all the claims; or is entered as a final order pursuant to the trial court's determination under Rule 341(c). Pa.R.A.P. 341(b)(1), (3).

Instantly, the record discloses that Appellant served his complaint on defendants Mr. Maroulis and Mr. Lee. Appellant subsequently obtained a default judgment against Mr. Lee after he failed to answer the complaint. Appellant now purports to appeal from the judgment entered in his favor assessing damages against Mr. Lee in the amount of $2,000.00. Nevertheless, the judgment from which Appellant appeals is not final, as there are still remaining claims against remaining parties. ***See*** Pa.R.A.P. 341(b)(1). Specifically, our review of the record reveals no disposition relating to any other party named as a defendant in Appellant's complaint. At the hearing on damages, Appellant's counsel confirmed that the default judgment was only

---

***Philadelphia College of Osteopathic Medicine***, 760 A.2d 863, 865 n.1 (Pa.Super. 2000), *appeal denied*, 566 Pa. 632, 781 A.2d 137 (2001). Nevertheless, we can relate Appellant's appeal forward to the date judgment was entered on the verdict. ***See*** Pa.R.A.P. 905(a)(5) (stating notice of appeal filed after announcement of determination but before entry of appealable order shall be treated as filed after such entry and on day thereof).

against Mr. Lee. Appellant's counsel did not indicate any other disposition regarding the other defendants in the case. (**See** N.T. Hearing, 3/29/23, at 7). The court also did not enter an express order of finality under Rule 341(c). **See** Pa.R.A.P. 341(c) (stating trial court may enter final order as to one or more but fewer than all of claims and parties upon express determination that immediate appeal would facilitate resolution of entire case); **Prelude, Inc. v. Jorcyk**, 695 A.2d 422 (Pa.Super. 1997) (*en banc*) (holding that in absence of appropriate order of finality under Rule 341(c), appeal must be quashed from order dismissing complaint as to three defendants but leaving claims against two other defendants). Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/30/2023