**CHASE MANHATTAN MORTGAGE CORPORATION, Appellee,**

v.

**David HODES and Barbara C. Hodes, Appellants.**

Superior Court of Pennsylvania.

Filed Sept. 5, 2001.

Barbara Hodes, appellant, pro se.

Michele Bradford, Philadelphia, for appellee.

Before: DEL SOLE, President Judge, EAKIN and TODD, JJ.

**OPINION**

PER CURIAM.

¶ 1 These appeals have been taken from the February 20, 2001 orders overruling the preliminary objections of David Hodes and Barbara C. Hodes, and directing them to file an answer to the complaint filed by appellee. Appellee has filed motions to quash these appeals as interlocutory.

¶ 2 Under Pennsylvania law, an appeal may be taken from: (1) a final order or an order certified by the trial court as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; (4) or a collateral order. *Beltran v. Piersody*, 748 A.2d 715

(Pa.Super.2000). The February 20th orders are neither final nor appealable as of right. *See Pa.R.A.P. 341(b)(1), 311.* Additionally, appellants neither sought permissive interlocutory review nor argued the collateral nature of the February 20th orders. *See Pa.R.A.P. 312, 313.* Even if appellants had argued the applicability of Rule 313 (collateral order), the February 20th orders do not satisfy its requirements. Since the orders deal with the pleadings in the underlying matter and direct the filing of an answer, they are inextricably intertwined with the merits of the action and cannot be characterized as collateral. *See Smitley v. Holiday Rambler Corp.,* 707 A.2d 520 (Pa.Super.1998) (collateral order doctrine is limited to orders that are separate from and collateral to the main cause of action; to qualify as collateral, order must not be of such interlocutory nature as to affect, or be affected by the merits of the main cause of action).

¶ 3 "A final order is any order that disposes of all claims and of all parties." *Pa.R.A.P. 341(b)(1).* The February 20th orders overruled appellants' preliminary objections and directed them to file an answer to appellees' complaint, thereby maintaining the action in the trial court. Consequently, it cannot be said that these orders disposed of any claims or parties and we hold, therefore, that an order overruling preliminary objections and directing the filing of an answer is interlocutory and unappealable. *See Midomo Co. v. Presbyterian Housing Dev.,* 739 A.2d 180 (Pa.Super.1999) (order denying preliminary objections is generally not appealable); *Shadduck v. Christopher J. Kaclik, Inc.,* 713 A.2d 635 (Pa.Super.1998) (same). To hold otherwise would permit the kind of piecemeal litigation that the Supreme Court specifically tried to eliminate when it enacted Rule 341. *Techtmann v. Howie,* 720 A.2d 143, 145 (Pa.Super.1998).

¶ 4 Appellee's motions to quash these appeals as interlocutory are granted. Appeals quashed. In light of this court's disposition of appellee's motions, its motion to quash the appeal at No. 834 EDA 2001 because of the untimely filing of appellant's brief is denied as moot.