J-A09045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GENESIS ELDERCARE REHABILITATION SERVICES, INC., D/B/A GENESIS REHABILITATION SERVICES, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RELIANT OSPREY HOLDINGS, LLC.; DONNA SALKO; CAPOZZI ADLER, P.C. AND JOHN DOES 1-25 | |
| APPEAL OF: CAPOZZI ADLER, P.C. | |
| | No. 1779 MDA 2015 |

Appeal from the Order Entered September 21, 2015
in the Court of Common Pleas of Lackawanna County
Civil Division at No.: 14 CV 6156

BEFORE: FORD ELLIOTT, P.J.E., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                                    **FILED JUNE 15, 2016**

Appellant, Capozzi Adler, P.C., appeals from the order overruling its preliminary objections to the amended complaint of Appellee, Genesis Eldercare Rehabilitation Services, Inc., d/b/a Genesis Rehabilitation Services. Because Appellant has failed to establish the three prongs of the collateral order doctrine, we quash.

We take the following facts from our independent review of the certified record. Donna Salko (Salko) owned certain real estate, as well as

_____

[*] Retired Senior Judge assigned to the Superior Court.

Osprey Ridge Healthcare (Osprey Ridge), which operated a rehabilitation facility. Appellee provided services to Osprey Ridge.

On September 19, 2011, Appellee filed suit against Osprey Ridge for unpaid services. Osprey Ridge admitted it owed the principal amount of $114,397.84 that Appellee was seeking.

Thereafter, on October 17, 2012, Osprey Ridge reached an Operations Transfer Agreement (OTA) with Reliant Osprey Holdings (Reliant) and transferred its net working capital, liability, and other assets. Although the parties were aware that Appellee was a creditor, Reliant did not receive Appellee's liability. Concurrent with negotiations for the OTA, Salko entered into negotiations to sell the real estate. She put the value of Osprey Ridge's operations into the real estate's sale price. Appellant was Salko's legal counsel in all of the transactions.

On May 8, 2013, the court entered summary judgment in favor of Appellee on its action against Osprey Ridge, entering judgment in the amount of $156,249.74, plus *per diem* interest of $17.05 per day from May 15, 2013 until the judgment was paid in full.

On November 3, 2014, Appellee commenced this action against Reliant, Salko, and Appellant, alleging that Reliant and Salko fraudulently received funds and assets that were the property of Appellee's judgment debtor, Osprey Ridge. Appellee alleged that Salko, as president of Osprey Ridge, also breached her fiduciary duty to Appellee, a creditor of Osprey Ridge, by putting consideration received for Osprey Ridge's operation into

the real estate sale. Appellee further alleged that Appellant, acting as counsel for Salko, aided and abetted her breach of fiduciary duty.

Appellee filed an amended complaint on January 21, 2015. On February 5, 2015, Appellant filed preliminary objections in which it maintained that, pursuant to 1 Pa.C.S.A. § 1504,[1] the common law cause of action for aiding and abetting was precluded by the Pennsylvania Uniform Transfer Act (PUFTA), 12 Pa.C.S.A. §§ 5101-5110. On September 21, 2015, after briefing and oral argument, the court overruled Appellant's preliminary objections. Appellant timely appealed.[2]

Appellant raises five issues for this Court's review:

1. Whether this appeal meets the qualifications for an appeal as of right pursuant to Pa.R.A.P. 313 (Collateral Orders) such that the Superior Court has jurisdiction?

2. Whether this appeal is frivolous?

3. Whether the statutory remedy under PUFTA being pursued by [Appellee] in its amended complaint precludes and preempts its common law counts in the amended complaint against Salko and [Appellant]?

_____

[1] "In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect." 1 Pa.C.S.A. § 1504.

[2] On October 29, 2015, Appellee filed a motion to dismiss/quash this appeal on the basis that the September 21, 2014 order was neither final nor appealable as of right. On December 11, 2015, this Court issued a *per curiam* order denying the motion to dismiss, but allowing Appellee the right to raise the issue to the merits panel.

4. Whether the statutory remedy available under PUFTA precludes and preempts Reliant's common law cross claim for indemnification against [Appellant] pursuant to 1 Pa.C.S.[A.] § 1504?

5. Whether the order in question erred as a matter of law and must be reversed with directions to dismiss the common law causes of action?

(Appellant's Brief, at 10) (unnecessary capitalization omitted).

In his first issue, Appellant argues that the trial court's order is immediately appealable because it is a collateral order pursuant to Pa.R.A.P. 313. (*See id.* at 23-31). For the reasons that follow, we disagree.

The appealability of an order directly implicates the jurisdiction of the [C]ourt asked to review the order. . . . Pennsylvania law makes clear:

[A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

*Bailey v. RAS Auto Body, Inc.*, 85 A.3d 1064, 1067-68 (Pa. Super. 2014) (case citations omitted). Generally, "an order overruling preliminary objections and directing the filing of an answer is interlocutory and unappealable. To hold otherwise would permit the kind of piecemeal litigation that the Supreme Court specifically tried to eliminate when it enacted Rule 341." *Chase Manhattan Mortg. Corp. v. Hodes*, 784 A.2d 144, 145 (Pa. Super. 2001) (citations omitted).

Whether an order is appealable as a collateral order is a question of law; as such, our standard of review is *de novo* and

our scope of review is plenary. Moreover, where the issue presented is a question of law as opposed to a question of fact, an appellant is entitled to review under the collateral order doctrine; however, if a question of fact is presented, appellate jurisdiction does not exist.

*Yorty v. PJM Interconnection, L.L.C.*, 79 A.3d 655, 660 (Pa. Super. 2013) (citations omitted).

Pursuant to Pennsylvania Rule of Appellate Procedure 313:

**(a) General Rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

**(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. Therefore, "to qualify as a collateral order, the order in question must meet three requirements: 1) separability from the main cause of action; 2) importance of the right to be reviewed; and 3) whether the claim will be irreparably lost if review is denied." *Yorty*, *supra* at 660 (citation omitted).

In construing Rule 313, this Court has observed:

Our case law has made it clear that all three prongs of the rule must be satisfied in order to qualify as a collateral order for our review. The collateral order doctrine is a specialized, practical application of the general rule that only final orders are appealable as of right. As such, this Court must stringently apply the requirements of the collateral order doctrine. Absent the satisfaction of all three prongs of the collateral order test, this Court has no jurisdiction to consider an appeal of an otherwise non-final order.

*Spanier v. Freeh*, 95 A.3d 342, 345 (Pa. Super. 2014) (citations and quotation marks omitted); *see also Branham v. Rohm and Haas Co.*, 19 A.3d 1094, 1101 (Pa. Super. 2011), *appeal denied*, 42 A.3d 289 (Pa. 2012).

Here, Appellant first argues that the court's order overruling its preliminary objections is separable from the main cause of action because it involved a "separate question of statutory preclusion." (Appellant's Brief, at 25) (emphasis and unnecessary capitalization omitted). We agree.

As to the separability prong, this Court has stated that

> a claim is sufficiently separate from the underlying issues for purposes of collateral order review if it is conceptually distinct from the merits of the plaintiff[']s claim, that is, where even if practically intertwined with the merits, it nonetheless raises a question that is significantly different from the questions underlying plaintiff's claim on the merits.

*Spanier*, *supra* at 345 (citation omitted).

In this case, Appellant's preliminary objections argued that, because the amended complaint contained causes of action for fraudulent conveyance under PUFTA, Appellee "[was] required to exhaust its statutory remedy under [PUFTA] to the exclusion of [the] alternative common law remed[y]" of aiding and abetting breach of fiduciary duty. (Appellant's Preliminary Objections, 2/15/15, at 9 ¶8; *see id.* at 9 ¶ 10) (citations omitted). This required the court to consider whether Appellant's actions, as pleaded by Appellee, were of the type PUFTA seeks to address. We conclude that this objection "[was] conceptually distinct from the merits of

[Appellee's] claim[s]." *Id.* (citation omitted). Therefore, the first prong of the collateral order doctrine is met.

Next, Appellant maintains that "the interests protected [by section 1504] are too important to be denied review." (Appellant's Brief, at 28) (emphasis and unnecessary capitalization omitted); *see id.* at 30 ("The application of § 1504's preclusive power is too important to be delayed in this matter."). Under the facts of this case, we disagree

> In analyzing the importance prong, we weigh the interests implicated in the case against the costs of piecemeal litigation.
>
> For purposes of defining an order as a collateral order under Rule 313, it is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand.
>
> The overarching principle governing 'importance' is that . . . an issue is important if the interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by adherence to the final judgment rule.

*Ben v. Schwartz*, 729 A.2d 547, 552 (Pa. 1999) (citations and some punctuation omitted).

Section 1504 codifies the legal principle that, "where there is a clear and adequate statutory remedy, that remedy is exclusive." *Harcourt v. General Acc. Ins. Co.*, 615 A.2d 71, 75 (Pa. Super. 1992), *appeal denied*, 627 A.2d 179 (Pa. 1993) (citation omitted); *see also* 1 Pa.C.S.A. § 1504; *White v. Conestoga Title Ins. Co.*, 53 A.3d 720, 731 (Pa. 2012) (noting that language of Section 1504 "require[s] a party to strictly follow a

statutory remedy, **when one is provided**, to the exclusion of a common law claim.") (emphasis added; citation omitted).[3]

In the case *sub judice*, the court's decision overruling Appellant's preliminary objections required a determination that, under the facts and claims alleged in the amended complaint, PUFTA did not create a statutory remedy for aiding and abetting an individual's alleged breach of fiduciary duty that precluded the common law cause of action. **See White**, **supra** at 731. This does not "involve rights deeply rooted in public policy going beyond the particular litigation at hand," even if it is "important to the

_____

[3] Appellant relies on **White** in support of its argument that its issue involves rights too important to be denied review. (**See** Appellant's Brief, at 29-30). However, Appellant's reliance is not legally persuasive. In **White**, the Pennsylvania Supreme Court concluded that, because an exclusive statutory remedy existed under the Title Insurance Act, 40 P.S. §§ 910-1 through 910-55, for persons aggrieved by the application of a title insurer's rating system, an insured was precluded from pursuing common law claims arising from a title insurer allegedly charging higher rates than allowed under the rates it filed with the Insurance Commissioner. **See White**, **supra** at 733-35; **see also** 40 P.S. § 910-44.

Here, "the purpose of [PUFTA] is primarily to protect unsecured creditors against transfers and obligations injurious to their rights," not to protect defendants from claims that they aided and abetted a debtor's breach of fiduciary duty to a creditor. 12 Pa.C.S.A. § 5101, Comment (3). Moreover, "[PUFTA] is not an exclusive law on the subject of voidable transfers and obligations. In particular, and without limitation, this chapter does not preclude application of other law, which may include a common law of fraudulent transfer[.]" **Id.** at Comment (2) (citation omitted). Therefore, the holding of **White** is not controlling here where PUFTA does not provide "an exclusive statutory remedy" for claims of aiding and abetting a debtor in breaching her fiduciary duty to a creditor. **White**, **supra** at 724.

particular parties." ***Ben***, ***supra*** at 552 (citation omitted). Therefore, Appellant has failed to establish that this right is important enough to justify collateral review.

Finally, we turn to the third prong, whether Appellant's issue is such that, if collateral review is denied, its right will be irreparably lost. ***See Yorty***, ***supra*** at 660. Appellant argues that the "loss of § 1504 rights constitutes irreparable harm." (Appellant's Brief, at 30) (unnecessary capitalization and emphasis omitted). We disagree.

The "irreparably lost" prong is met if "[t]here is no effective means of reviewing[,] after a final judgment[, the] order at issue." ***Ben***, ***supra*** at 485 (citation omitted).

Here, Appellant's right to challenge the trial court's ruling is not irreparably lost where he can raise this issue on appeal after a final order has been issued. ***See id.*** Therefore, Appellant has failed to meet the third prong of the collateral order doctrine.[4]

---

[4] In support of his argument on this prong, Appellant relies on ***Osborne v. Lewis***, 59 A.3d 1109 (Pa. 2012). (***See*** Appellant's Brief, at 30). However, this case is inapposite. In ***Osborne***, a panel of this Court found that a trial court's order denying a motion for summary judgment brought on the basis that the statute of repose in the MCARE Act created immunity from suit was a collateral order. ***See Osborne***, ***supra*** at 1111, 1111 n.3. In concluding that the order met the third prong of the collateral order doctrine, we stated that "a statute of repose is intended to impose **immunity from suit, not just immunity from liability**; therefore, the substantial cost that [a]ppellants would incur in defending this complex malpractice case at a trial
*(Footnote Continued Next Page)*

For all of the above reasons, we conclude that Appellant has failed to satisfy all three prongs of the collateral order doctrine and we quash this appeal for lack of jurisdiction. **See Spanier**, **supra** at 345.

Appeal quashed.

President Judge Emeritus Ford Elliott joins the Memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2016

_(Footnote Continued)_ ⸺⸺⸺⸺⸺⸺

on the merits would be irreparably lost if review were postponed until final judgment." **Id.** at 1111 n.3 (citation omitted).

Here, Appellant is not arguing it is completely immune from suit, only that if it is liable, it is pursuant to statutory, not common, law. Moreover, this case is not a "complex medical malpractice case." **Id.** Therefore, Appellant's reliance on **Osborne** is not legally persuasive.