2022 PA Super 182

| | | |
|---|---|---|
| JAMES EDDIE WATERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EXPRESS CONTAINER SERVICES OF | : | |
| PITTSBURGH, LLC, EXPRESS | : | |
| CONTAINER SERVICE LIMITED | : | No. 94 WDA 2022 |
| LIABILITY COMPANY, MILLER | : | |
| TRANSPORTERS, INC., MILLER | : | |
| TRANSPORTATION SERVICES, INC., | : | |
| MILLER INTERMODAL LOGISTIC | : | |
| SERVICES, INC., HENIFF | : | |
| TRANSPORTATION SYSTEMS, LLC., | : | |
| HENIFF TRANSPORTATION | : | |
| HOLDINGS, LLC., HENIFF HOLDCO, | : | |
| LLC, AND PRE-HTS, INC. | : | |
| | : | |
| | : | |
| APPEAL OF: MILLER TRANSPORTERS, | : | |
| INC., MILLER TRANSPORTATION | : | |
| SERVICES, INC., MILLER | : | |
| INTERMODAL LOGISTIC SERVICES, | : | |
| INC., HENIFF TRANSPORTATION | : | |
| SYSTEMS, LLC., HENIFF | : | |
| TRANSPORTATION HOLDINGS, LLC., | : | |
| HENIFF HOLDCO, LLC, AND PRE-HTS, | : | |
| INC. | : | |

Appeal from the Order Entered December 21, 2021
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 20-010701

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.[*]

OPINION BY COLINS, J.:                    **FILED: OCTOBER 18, 2022**

Appellant Miller Transporters, Inc. (Miller) appeals from an order of the

Court of Common Pleas of Allegheny County (trial court) overruling its

_____

[*] Retired Senior Judge assigned to the Superior Court.

preliminary objection seeking arbitration of claims brought against it by James Eddie Waters (Plaintiff). For the reasons set forth below, we reverse and remand with instructions to order arbitration of Plaintiff's claims against Miller.

This case is an action for personal injuries that Plaintiff, a truck driver who lives in Georgia, suffered on October 15, 2018, when he fell from the catwalk on the top of a tanker-trailer that he was inspecting at a trucking terminal in Pittsburgh. Second Amended Complaint ¶¶1, 31, 35-45. The trucking terminal was owned by Express Container Services of Pittsburgh, LLC (Express). *Id.* ¶22; Express Answer to Second Amended Complaint ¶22. At the time of the accident, Plaintiff was working on an assignment to transport the tanker-trailer for Miller under an Equipment Lease and Transportation Agreement that Plaintiff and Miller entered into on October 2, 2017. Second Amended Complaint ¶¶31, 35-37; Preliminary Objections to Second Amended Complaint ¶¶28-29; Plaintiff's Response to Preliminary Objections to Second Amended Complaint ¶¶16-17. Plaintiff alleges that he was required by Miller and its customer to perform the inspection of the tanker-trailer before transporting it. Second Amended Complaint ¶¶36-37.

Under the Equipment Lease and Transportation Agreement, Plaintiff leased a truck tractor that he owned to Miller for a three-year period and used it to transport loads for Miller, for which he received 63% or 67% of the base-line haul revenue from each shipment, 63% or 67% of certain other charges paid by Miller's customers, and some other items of compensation. Equipment

Lease and Transportation Agreement ¶¶1-3, Schedules A & B.  This agreement contains the following dispute resolution provisions:

A. **If a controversy or claim arises out of or relates to this Agreement or operations pursuant to this Agreement, the parties agree to negotiate the controversy or claim in good faith for a period of thirty (30) days** after the controversy or claim is presented before legal proceedings or arbitration is instituted.

B. **If there is no resolution of the claim or controversy through the procedure set forth in Section 20(A), the controversy or claim shall at the request of any party, made before or after institution of legal proceedings, be determined by binding arbitration.** This transaction involves interstate commerce, and the arbitration is subject to and shall be conducted in accordance with the United States Arbitration Act notwithstanding any choice of law or other provision in the Agreement, and under the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). The arbitrator shall have authority to award damages and grant such other relief he deems appropriate. The arbitrator shall give effect to the laws of the State of Mississippi, including statutes of limitation, in determining any claim. Pursuant to Mississippi Code Annotated § 75-2A-506, any action for default under this lease contract, including breach of warranty or indemnity, must be commenced within one (1) year after the cause of action accrued. For any and all actions to which Section 75-2A-506 does not apply, the three year statute of limitations prescribed by Mississippi Code Annotated § 15-1-49 shall apply.  Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrator. Judgment upon the arbitration award may be entered in any Court having jurisdiction. The arbitrator shall be chosen no later than 30 days after filing the claim with AAA. The arbitration procedure shall be concluded and the arbitrator's award issued no later than 180 days after selection of the arbitrator. Any claim arising under this Agreement shall be determined separate from the claims of others allegedly similarly situated, and shall not be the subject of a class, consolidated or collective action involving multiple contractors.

Equipment Lease and Transportation Agreement ¶20(A)-(B) (emphasis added). The Equipment Lease and Transportation Agreement also contains the following notice in bold face letters:

THIS AGREEMENT CONTAINS DISPUTE RESOLUTION PROVISIONS WHICH INCLUDE PROVISIONS FOR BINDING ARBITRATION, BY THEIR EXECUTION OF THIS AGREEMENT, THE PARTIES ACKNOWLEDGE THEIR AWARENESS AND AGREEMENT TO THOSE PROVISIONS.

*Id.* at 14.

On October 9, 2020, Plaintiff filed this action against Express, Miller and seven other entities. Plaintiff filed a complaint on February 24, 2021, and subsequently filed an amended complaint and second amended complaint in response to preliminary objections. In his second amended complaint, Plaintiff alleged that Express was negligent in its duties as a landowner and was negligent in failing to remove the chemical residue on which he slipped and in failing to provide safety equipment for his inspection. Second Amended Complaint ¶¶34, 39-41, 44, 54. Plaintiff alleged that Miller was negligent in subjecting Plaintiff to unsafe working conditions, in failing to properly train him, and in failing to provide safety equipment for his inspection. *Id.* ¶56.

Miller and six of the other defendants that were not affiliated with Express filed a joint set of preliminary objections to Plaintiff's second amended complaint seeking dismissal of Plaintiff's claims against them on various grounds. In these preliminary objections, Miller asserted, *inter alia*, that Plaintiff's claims against it were subject to mandatory arbitration under the

Equipment Lease and Transportation Agreement and sought dismissal of Plaintiff's claims against it on that basis. Preliminary Objections to Second Amended Complaint ¶¶28-29, 47-52. On December 21, 2021, the trial court overruled all of the preliminary objections. Trial Court Order, 12/21/21.

On January 14, 2022, Miller and the six other defendants who had filed preliminary objections with it appealed the order overruling the preliminary objection that Plaintiff was required to arbitrate his claims against Miller. On February 16, 2022, the parties stipulated to the dismissal of all defendants other than Express and Miller and the trial court on February 22, 2022 dismissed those seven other defendants from the case. Stipulation to Dismiss Less Than All Defendants; Trial Court Order, 2/22/22. The only parties remaining in this action are therefore Plaintiff, Express, and Miller.

In this appeal,[1] Miller presents the following single issue for our review:

---

[1] While an order overruling preliminary objections is an interlocutory order, **Chase Manhattan Mortgage Corp. v. Hodes**, 784 A.2d 144, 145 (Pa. Super. 2001), this appeal is properly before us. The law is clear that an order overruling a preliminary objection that asserts that the claims cannot be litigated in court because they are subject to an arbitration agreement is an interlocutory order appealable as of right pursuant to 42 Pa.C.S. § 7320(a)(1) and Pa.R.A.P. 311(a)(8). **In re Estate of Atkinson**, 231 A.3d 891, 896-97 (Pa. Super. 2020); **Saltzman v. Thomas Jefferson University Hospitals, Inc.**, 166 A.3d 465, 468 n.1 (Pa. Super. 2017); **Provenzano v. Ohio Valley General Hospital**, 121 A.3d 1085, 1089 n.1 (Pa. Super. 2015). This rule, moreover, applies even where the preliminary objection that asserted that the claim was subject to arbitration did not specifically request an order compelling arbitration. **Estate of Atkinson**, 231 A.3d at 896-97; **Provenzano**, 121 A.3d at 1089 n.1, 1093; **Gaffer Insurance Co., Ltd. v. Discover Reinsurance Co.**, 936 A.2d 1109, 1110 n.2, 1111 & n.5 (Pa. Super. 2007).

> Whether the Lease Agreement entered into between Plaintiff-Appellee, James Waters ("Plaintiff") and Defendant Miller mandates the arbitration of disputes between the parties, and whether the personal injury claim[s] asserted in this matter are within the scope of that arbitration provision, and must, therefore, be arbitrated pursuant to that Lease Agreement?

Appellant's Brief at 5.

Both Pennsylvania and federal law impose a strong public policy in favor of enforcing arbitration agreements. *Marmet Health Care Center, Inc. v. Brown*, 565 U.S. 530, 532-33 (2012); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983); *In re Estate of Atkinson*, 231 A.3d 891, 898 (Pa. Super. 2020); *Saltzman v. Thomas Jefferson University Hospitals, Inc.*, 166 A.3d 465, 471 (Pa. Super. 2017). Pennsylvania applies the following two-part test to determine whether a claim must be arbitrated: 1) the court must first determine whether a valid agreement to arbitrate exists; and 2) if a valid agreement to arbitrate exists, the court must determine whether the dispute falls within the scope of the arbitration agreement. *TTSP Corp. v. Rose Corp.*, 217 A.3d 1269, 1280 (Pa. Super. 2019); *Saltzman*, 166 A.3d at 472; *Provenzano v. Ohio Valley General Hospital*, 121 A.3d 1085, 1094 (Pa. Super. 2015).[2]

_____

[2] The Equipment Lease and Transportation Agreement and its arbitration clause provide that the agreement and any arbitration under it shall be governed by Mississippi law. Equipment Lease and Transportation Agreement ¶¶17, 20(B). The parties, however, have argued Pennsylvania law, do not contend that Mississippi law governs the determination of whether Plaintiff's

There is no dispute here that there is a valid agreement to arbitrate. Plaintiff admits that he and Miller entered into the Equipment Lease and Transportation Agreement and that the Equipment Lease and Transportation Agreement contains provisions that require that any claim that "arises out of or relates to this Agreement or operations pursuant to this Agreement … shall at the request of any party, made before or after institution of legal proceedings, be determined by binding arbitration." Preliminary Objections to Second Amended Complaint ¶¶29, 47-48; Plaintiff's Response to Preliminary Objections to Second Amended Complaint ¶¶17, 35-36; Equipment Lease and Transportation Agreement ¶20(A)-(B). Plaintiff does not argue that the Equipment Lease and Transportation Agreement or its arbitration clause is unconscionable or invalid for any reason. Neither the fact that Plaintiff's claims are personal injury claims nor the fact that arbitration would bifurcate

_____

claim must be arbitrated, and do not cite to any Mississippi law on interpretation and application of arbitration clauses or contend that it is different from Pennsylvania law. Moreover, it appears that Mississippi law, like Pennsylvania law, favors arbitration and applies the same two-part test that is at issue here, whether there is a valid arbitration agreement and whether the dispute falls within the scope of the arbitration agreement, to determine whether a claim must be arbitrated. *Harrison County Commercial Lot, LLC v. H. Gordon Myrick Inc.*, 107 So.3d 943, 949 (Miss. 2013); *South Central Heating Inc. v. Clark Construction Inc. of Mississippi*, 342 So.3d 160, 165 (Miss. App. 2022). Because there is no claim or showing that Mississippi and Pennsylvania law differ in any way that is material to the issue before us, we apply Pennsylvania law. *Highmark Inc. v. Hospital Service Association of Northeastern Pennsylvania*, 785 A.2d 93, 97 (Pa. Super. 2001).

Plaintiff's claims and require piecemeal litigation of the same claims in separate fora[3] is a permissible ground for denying arbitration if Plaintiff's claims are within the scope of the Equipment Lease and Transportation Agreement's arbitration clause. **Marmet Health Care Center, Inc.**, 565 U.S. at 533-34; **Taylor v. Extendicare Health Facilities, Inc.**, 147 A.3d 490, 507-10 (Pa. 2016).

The only issue here is therefore whether Plaintiff's claims are within the scope of the Equipment Lease and Transportation Agreement's arbitration clause. This is a question of law subject to this Court's plenary review. **Estate of Atkinson**, 231 A.3d at 898; **Saltzman**, 166 A.3d at 471; **Provenzano**, 121 A.3d at 1095. Two somewhat contradictory principles govern this decision: 1) arbitration agreements must be strictly construed and not extended by implication, and 2) where there is a clear agreement to arbitrate, the arbitration provision should be enforced unless the arbitration clause is not susceptible to an interpretation that covers the claim. **Saltzman**, 166 A.3d at 471; **Provenzano**, 121 A.3d at 1095; **Callan v. Oxford Land Development, Inc.**, 858 A.2d 1229, 1233 (Pa. Super. 2004).

Where the parties' contract contains an arbitration clause requiring arbitration of any claims arising out of or relating to the contract, a claim that arises out of the parties' contractual relationship must be arbitrated, even if it

---

[3] Plaintiff's claims against the other defendant, Express, are not subject to arbitration.

is a tort or other non-contract cause of action and is not based on any breach of the contract's terms. *Saltzman*, 166 A.3d at 469, 476-79 (Whistleblower claim and tort claim for wrongful discharge were within scope of arbitration agreement in employment contract, "because the arbitration provision in this case states that it applies to 'any' dispute 'arising under or related to' the Agreement, we conclude that it encompasses all disputes relating to the parties' contractual relationship"); *see also Pittsburgh Logistics Systems, Inc. v. Professional Transportation and Logistics, Inc.*, 803 A.2d 776, 779-82 (Pa. Super. 2002) (claims of interference with prospective contract with a third party, breach of fiduciary duty, and misappropriation of trade secrets were within arbitration clause because they arose out of the parties' contractual relationship). The arbitration clause in the Equipment Lease and Transportation Agreement not only contains that language, as it requires arbitration of any claim that "arises out of or relates to this Agreement," but is even broader, as it also requires arbitration of any claim that "**arises out of or relates to ... operations pursuant to this Agreement**." Equipment Lease and Transportation Agreement ¶20(A)-(B) (emphasis added). "[W]here the arbitration provision is a broad one, and '[i]n the absence of any express provision excluding a particular grievance from arbitration, ... only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.'" *Provenzano*, 121 A.3d at 1096 (ellipses in original) (quoting *E.M. Diagnostic Systems, Inc. v. Local 169, International Brotherhood of*

***Teamsters, Chauffeurs, Warehousemen & Helpers of America***, 812 F.2d 91 (3rd Cir.1987)); ***see also Saltzman***, 166 A.3d at 479 (tort claims were subject to arbitration where the arbitration clause was "broadly worded, and there is no evidence demonstrating the parties' intent to exclude tort claims arising from or related to the Agreement").

As Plaintiff correctly asserts, the Equipment Lease and Transportation Agreement governs the lease of a truck tractor and is not a lease of the tanker-trailer that was involved in Plaintiff's fall. Equipment Lease and Transportation Agreement ¶1 & Schedule A. In addition, it does not specifically reference inspections of trailers or any inspection of any equipment by Plaintiff. It also provides that Plaintiff's compensation is primarily from revenues for over-the road transportation and specifically excludes tank cleaning from Plaintiff's compensation. ***Id.*** ¶3(B), Schedule B ¶¶II, III, & Contractor Statement ¶II.

It is clear, however, from both the provisions of the Equipment Lease and Transportation Agreement and Plaintiff's allegations and admissions in this action that Plaintiff's personal injury claims against Miller arise out "operations pursuant to" the Equipment Lease and Transportation Agreement. The Equipment Lease and Transportation Agreement provides for Plaintiff to use his truck tractor to transport trailers. Equipment Lease and Transportation Agreement ¶¶1, 5(D), 19, Schedule B ¶¶II(A) & (E). While it does not set forth what Plaintiff is required to do in performing these transportation services, the Equipment Lease and Transportation Agreement provides that

"[i]n the event Contractor [Plaintiff] accepts a trip or load offered by Carrier [Miller] for transportation and other necessary services, Contractor agrees to transport and deliver such commodities in conformity with any terms and conditions of any agreement which may have been entered into by Carrier with a customer of Carrier for which Contractor is performing the transportation service." *Id.* ¶1. Plaintiff admits that he was working on a job for Miller at the time of the accident and that Miller and the customer required him to perform the inspection of the tanker-trailer. Second Amended Complaint ¶¶31, 36-37.

Moreover, Plaintiff bases his claims against Miller on breach of its duties to him as a contractor working for Miller and admits that his relationship with Miller was governed by the Equipment Lease and Transportation Agreement. Second Amended Complaint ¶56; Preliminary Objections to Second Amended Complaint ¶29; Plaintiff's Response to Preliminary Objections to Second Amended Complaint ¶17. In addition, the Equipment Lease and Transportation Agreement references and requires compliance with Federal Motor Carrier Safety Administration regulations, Equipment Lease and Transportation Agreement at 1, 15 & ¶¶1, 5(A), 11, 12(A) & (C), 14, and the Federal Motor Carrier Safety Administration regulations governing carrier compliance review include "inspection" as an item that is part of the carrier's "operations." 49 C.F.R. § 385.3.

Nothing in the Equipment Lease and Transportation Agreement indicates that the parties intended to limit the arbitration clause to contract claims. The statutes of limitations referenced in the arbitration clause are not solely contract statutes of limitations. While the Equipment Lease and Transportation Agreement states that Miss. Code § 75-2A-506, the statute of limitations action for default under a lease contract, applies to actions for default, it also lists another statute of limitations that it states applies to all other actions. Equipment Lease and Transportation Agreement ¶20(B). That statute, Miss. Code § 15-1-49, is the catch-all statute of limitations for "[a]ll actions for which no other period of limitation is prescribed" and applies to personal injury actions for which no other limitation period is prescribed. Miss. Code § 15-1-49(1), (2). The inclusion in the arbitration clause of claims that arise out of "operations pursuant to this Agreement" shows a clear intent to encompass all claims arising out of Plaintiff's work under the Equipment Lease and Transportation Agreement, not just disputes concerning the terms of the contract. Indeed, the Equipment Lease and Transportation Agreement contains a provision concerning assertion of claims for "injury" against Miller. Equipment Lease and Transportation Agreement ¶7(E).

**Setlock v. Pinebrook Personal Care & Retirement Center**, 56 A.3d 904 (Pa. Super. 2012) and **Midomo Co. v. Presbyterian Housing Development Co.**, 739 A.2d 180 (Pa. Super. 1999), relied upon by Plaintiff, do not support the conclusion that personal injury claims are outside the scope

of this arbitration clause. In **Setlock**, this Court held that a survival and wrongful death action against a personal care facility that arose from negligence in transporting the decedent to a medical appointment was not within the scope of an agreement to arbitrate any dispute or controversy "arising out of or in connection with under or pursuant to" the decedent's Resident Agreement with the facility. 56 A.3d at 906, 910-12. The Court based its conclusion that the wrongful death and survival claims were outside the scope of that arbitration clause on the ground that the Resident Agreement did not state that claims arising out of such transportation or claims arising out of the facility's actions or care were subject to arbitration. **Id.** at 912. Here, in contrast, the language of the Equipment Lease and Transportation Agreement requiring arbitration of any claim that "arises out of or relates to … operations pursuant to" the agreement is far broader than the arbitration clause in **Setlock** and not only requires arbitration of claims involving the terms of the agreement, but also encompasses claims arising out of the parties' actions in performing under the Equipment Lease and Transportation Agreement.

**Midomo Co.** is even less relevant. In **Midomo Co.**, the arbitration clause did not even cover all claims arising under the parties' agreement and the Court held that the arbitration clause did not apply to tort claims because it expressly limited arbitration to disputes regarding specific aspects of the parties' agreement. 739 A.2d at 187-90.

Because the Equipment Lease and Transportation Agreement requires that the parties arbitrate any "controversy or claim [that] arises out of or relates to this Agreement or operations pursuant to this Agreement" and Plaintiff alleges that his personal injury claims against Miller arose out work that he was performing under the Equipment Lease and Transportation Agreement, Plaintiff's claims against Miller in this action are within the scope of the arbitration clause and must be resolved by arbitration. Accordingly, we reverse the trial court's order overruling Miller's preliminary objection that sought arbitration and remand this matter to the trial court with instructions to order arbitration of Plaintiff's claims against Miller.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2022

- 14 -