J-A09036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AMY J. SUNDAY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| CLIFFORD D. FORESTER; JULIA R. | : | |
| FORESTER; AND FORESTER & PAUL | : | |
| REAL ESTATE HOLDINGS, LLC | : | No. 110 MDA 2022 |

Appeal from the Order Entered January 4, 2022,
in the Court of Common Pleas of Cumberland County,
Civil Division at No(s):  2020-04911-CV.

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:　　**FILED: MARCH 23, 2023**

In this business-dissolution case, Amy J. Sunday appeals from the order directing her to execute a settlement agreement with some – but not all – of the defendants.  Because Ms. Sunday's cause of action for dissolution against Forester & Paul Real Estate Holdings, LLC ("F&P" or "the LLC") is unresolved, we quash this appeal as premature.

On August 24, 2020, Ms. Sunday sued Clifford and Julia Forester and F&P.  In her Complaint, she raised three counts:  (1) against Mr. Forester and F&P for dissolution of the LLC, (2) against Mr. Forester for breach of contract, and (3) the Foresters for unjust enrichment.  *See* Complaint at 9-13.

A lawyer entered her appearance on behalf of the Foresters.  However, no attorney entered an appearance on behalf of F&P.  As such, F&P never appeared to participate in this matter before the court of common pleas or

this Court.[1]  Moreover, none of the defendants filed preliminary objections or an answer to the Complaint.

The docket sat essentially dormant for a year; Ms. Sunday and the Foresters negotiated a possible settlement.  On August 2, 2021 the Foresters filed a Motion to Enforce Settlement Agreement against Ms. Sunday.  The trial court received Joint Stipulations of Fact.  Following briefing, the court entered an order granting the motion to enforce, and Ms. Sunday appealed.

After receiving Ms. Sunday's notice of appeal and docketing statement, this Court issued a show-cause order.  We questioned, *sua sponte*, whether the appealed-from order was final, as Ms. Sunday asserted in her docketing statement.  **See** Superior Court Order, 3/8/22, at 1.  She filed a response to the order.  This Court discharged the show-cause order and deferred the issue of appellate jurisdiction to this merits panel.

"The establishment of jurisdiction is of equal importance as the establishment of a meritorious claim for relief." **Robinson v. Pennsylvania Bd. of Probation & Parole**, 582 A.2d 857, 860 (Pa. 1990).  Although the parties have not raised appealability, this Court "may always consider that question on our own motion." **Kapcsos v. Benshoff**, 194 A.3d 139, 141 (Pa. Super. 2018) (*en banc*).

---

[1] "LLC entities, generally, may not proceed in Pennsylvania courts of common pleas except through a licensed attorney." **David R. Nicholson, Builder, LLC v. Jablonski**, 163 A.3d 1048, 1054 (Pa. Super. 2017), *disapproved of on other grounds by* **Bisher v. Lehigh Valley Health Network, Inc.**, 265 A.3d 383 (Pa. 2021).

A jurisdictional issue presents us with "a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." ***Id.***

This Court's appellate jurisdiction only extends to "(1) a final order or an order certified by the trial court as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; (4) or a collateral order." ***Chase Manhattan Mortgage Corp. v. Hodes***, 784 A.2d 144, 144 (Pa. Super. 2001).

Ms. Sunday argues that the appealed-from order is final. However, she omits the definition of a "final order" from her response to this Court's show-cause order, and she fails to analyze our jurisdiction in her brief. Instead, Ms. Sunday claims the appealed-from order "is final because it requires [her] to sign a settlement agreement which has the effect of terminating the litigation . . . ." Ms. Sunday's Response to March 8, 2022 Order at 1 (citing ***Kulp v. Hrivnak***, 765 A.2d 796 (Pa. Super. 2000)).

Under the Pennsylvania Rules of Appellate Procedure, "an appeal may be taken of right from any final order of a . . . trial court." Pa.R.A.P. 341(a). By definition, a final order "disposes of all claims and of all parties . . . [or] is entered as a final order pursuant to paragraph (c) of this Rule . . . ." Pa.R.A.P. 341(b). Paragraph (c) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such

an order becomes appealable when entered. ***In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.*** In addition, the following conditions shall apply:

(1)  An application for a determination of finality under paragraph (c) must be filed within 30 days of entry of the order. During the time an application for a determination of finality is pending, the action is stayed.

(2)  Unless the trial court or other government unit acts on the application within 30 days after it is filed, the trial court or other government unit shall no longer consider the application and it shall be deemed denied.

(3)  A notice of appeal may be filed within 30 days after entry of an order as amended unless a shorter time period is provided in Pa.R.A.P. 903(c). Any denial of such an application is reviewable only through a petition for permission to appeal under Pa.R.A.P. 1311.

Pa.R.A.P. 341(c) (emphasis added).

As mentioned, Ms. Sunday relies upon ***Kulp***, ***supra***, for the proposition that the appealed-from order is, in effect, a final order. Admittedly, the ***Kulp*** Court said, "Although the instant order does not fit any of [the final-order definition] perfectly, we must consider whether the practical ramification of the order will be to dispose of the case, making review appropriate." ***Kulp***, 765 A.2d at 798 (citing ***Commonwealth v. J.H.B.***, 760 A.2d 27, 28 (Pa. Super. 2000)). Thus, Ms. Sunday's reliance upon ***Kulp*** and argument that the order "effectively puts [her] out of court" is understandable. Ms. Sunday's

Response to March 8, 2022 Order at 2. Nevertheless, her reliance upon *Kulp*

is misplaced.

Twenty years ago, this Court rejected the statement from *Kulp* as being

no longer good law. In *Brickman Group, Ltd. v. CGU Ins. Co.*, 829 A.2d

1160, (Pa. Super. 2003), we explained as follows:

> [Appellant] urges that, in those cases where an order "does not fit any of these [Rule 341(b)] definitions perfectly," this Court should "consider whether the practical ramification of the order will be to dispose of the case, making review appropriate." *Kulp* . . . 765 A.2d [at] 798. We first note that the preceding language from *Kulp* traces its origin to caselaw evaluating the appealability of orders prior to the 1992 amendment of Rule 341. *See* [*id.*] (citing *Commonwealth v. J.H.B.,* 760 A.2d [at] 28 . . . ("In ascertaining what is a final appealable order, this Court must look beyond the technical effect of the adjudication to its practical ramifications.") (quoting *Grove North America v. Arrow Lift & Constr. Equip. Co.,* . . . 617 A.2d 369, 372 (Pa. Super. 1992)).
>
> The Court in *Robert H. McKinney, Jr., Associates, Inc. v. Albright,* . . . 632 A.2d 937 (Pa. Super. 1993), explained the significance of the 1992 amendment:
>
>> Case law which interpreted the earlier provisions of Rule 341, considered final all orders which had a practical consequence of putting a litigant out of court. These included instances where a party was dismissed from a case or, in some circumstances, where some, but not all of the counts of a multi-count complaint were dismissed. Thus, finality was often determined without regard to the fact that the litigation did not end as to all claims or all parties. However, under the amended version of Rule 341, as quoted above, this is no longer the case for actions commenced after July 6, 1992. Under the [current] rule, an appeal may not be taken from an order dismissing less than all claims or all parties from a case. An exception to this general rule exists under subparagraph (c), whenever an

- 5 -

express determination has been made by the trial court that an immediate appeal would facilitate resolution of the entire case.

*Id.* at 938–39.

[Appellant] maintains that the conditional nature of [appellee's] claims against the additional defendants rendered them essentially dismissed upon the granting of summary judgment in favor of [appellee]. Therefore, [appellant] asserts, we should consider that the "practical ramification" of the order is to dispose of the entire case. Yet, it has been firmly established since the promulgation of the 1992 amendment to Pa.R.A.P. 341 that orders can be considered final and appealable only if they meet the requirements set forth in the rule. *Keefer v. Keefer*, 741 A.2d 808 (Pa. Super. 1999) (quashing appeal where three actions consolidated into one and order did not dismiss all claims and all parties arising under the three actions); *Prelude, Inc. v. Jorcyk*, 695 A.2d 422 (Pa. Super. 1997) (*en banc*) (quashing appeals where order did not dismiss all defendants and finality determination under 341(c) was not pursued notwithstanding the fact that two remaining defendants had filed for federal bankruptcy protection) . . .

As stated by the majority in *Prelude*, 695 A.2d at 422, "Rule 341 is fundamental to the exercise of jurisdiction by this court. It is not surprising, therefore, that the rule has been rigorously applied." *Id.* at 424 (collecting cases). In *Prelude*, the case had been dismissed against all but two defendants. The two remaining defendants both had filed for federal bankruptcy protection. The Court held that the order dismissing less than all of the defendants was not a final, appealable order. The Court further noted that no finality determination pursuant to 341(c) had been pursued. Therefore, the Court held that it did not have jurisdiction over the case and quashed the appeal.

The dissent argued [appellant's] position, stating, "Because Prelude has, in effect, been put out of court, I believe that an immediate appeal from the trial court's order is warranted." *Id.* at 425–426. The dissent, while conceding that the appeal did not meet the requirements of Rule 341, nevertheless found quashal to be an "inequitable"

result and urged a "liberal construction of Rule 341." ***Id.*** at 425.

***Brickman Group, Ltd. v. CGU Ins. Co.***, 829 A.2d 1160, 1163–64 (Pa. Super. 2003).  We quashed the appeal.

Like the appellant in ***Brickman Group***, Ms. Sunday argues for the same construction of Rule 341(b) as the dissent in ***Prelude***.  Although the appealed-from order does not perfectly meet the definition of a final order, she would have us overlook the absence of true finality, because the appealed-from order "effectively" puts her out of court.  As this Court sitting *en banc* has rejected that approach to Rule 341(b), we may not apply it in such a fashion.  ***See Prelude***, ***supra***.  To do so would be to exercise an appellate jurisdiction that has yet to vest under Rule 341(a).

As stated, Ms. Sunday sued F&P for dissolution.  The LLC has neither responded to her claim in an answer, nor has it filed preliminary objections.  Additionally, F&P is not a party to the settlement agreement which the trial court ordered Ms. Sunday to execute.  Thus, the appealed-from order does not dispose of "of all claims and of all parties," because Ms. Sunday's claim for dissolution against F&P remains pending before the trial court.  Pa.R.A.P. 341(b)(1).

Furthermore, Ms. Sunday did not ask the trial court to certify "that an immediate appeal [from the order in question] would facilitate resolution of the entire case . . . within 30 days of entry of the order."  Pa.R.A.P. 341(c)(1). "In the absence of such a determination and entry of a final order, any order

or other form of decision that adjudicates fewer than all the claims and parties **shall not** constitute a final order." Pa.R.A.P. 341(c) (emphasis added). Nor did Ms. Sunday petition for permission to appeal with this Court regarding the appealed-from order. **See** Pa.R.A.P. 341(c)(3); Pa.R.A.P. 1311.

Therefore, the order is, by definition, **not** final.

Also, the appealed-from order does not meet the definition of a collateral order. Under, Rule of Appellate Procedure 313 a collateral order is "an order [(1)] separate from and collateral to the main cause of action, [(2)] where the right involved is too important to be denied review and [(3)] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). While the enforceability of the settlement agreement is separable from the main cause of action, and Ms. Sunday's rights under it are arguably too important to be denied review, those rights will not be irreparable lost "if review is postponed until final judgment in the case." **Id.**

The Foresters may not enter a settlement agreement on behalf of the unrepresented LLC, which took no part in settlement negotiations, the motion to compel, or this appeal. Accordingly, the Foresters have no authority to compel Ms. Sunday to discontinue her lawsuit against an unrepresented LLC.

Thus, once the matter between Ms. Sunday and F&P resolves itself (via discontinuance or judgment), Ms. Sunday may appeal from the order resolving her case against it. In a future appeal, Ms. Sunday may, if she wished, raise issues regarding the order that directed her to execute the settlement

agreement with the Foresters. If the trial court erroneously compelled her to sign the settlement agreement, the remedy of reversal will cure that error. If that occurs, Ms. Sunday and the Foresters may resume negotiations or proceed to trial. Either way, her rights would not be irreparably lost. Thus, the appealed-from order is not a collateral order.

Lastly, the order is not an interlocutory order appealable as of right under Rule of Appellate Procedure 311.

The order is unappealable. ***See Chase Manhattan Mortgage***, ***supra***. We lack jurisdiction to decide the merits at this time.

Appeal quashed.

Oral argument scheduled for April 12, 2023, canceled.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/23/2023