J-A01022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| THE GUILIANO LAW GROUP, P.C. | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAJUX MARKETING LLC AND | : | |
| BERNARD A. CLARK | : | |
| | : | |
| | : | No. 1525 EDA 2023 |
| Appellants | : | |

Appeal from the Order Entered June 1, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210300347

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED FEBRUARY 26, 2024**

Appellants, Majux Marketing LLC (Majux) and Bernard A. Clark (Clark) (collectively, Defendants), appeal an order of the Court of Common Pleas of Philadelphia County (trial court) overruling their preliminary objections seeking to enforce an arbitration provision of a contract.  For the reasons set forth below, we affirm.

This case arises out of a November 2019 contract between the Guiliano Law Group, P.C. (Plaintiff) and Majux under which Majux was to provide website redesign services to Plaintiff.  On March 3, 2021, Plaintiff filed a complaint asserting claims against both Majux and its representative, Clark, for breach of contract, fraud, negligence, unjust enrichment, and violation of

_____

[*] Retired Senior Judge assigned to the Superior Court.

18 Pa.C.S. § 7611. Because Plaintiff stated on the cover sheet of its complaint that the amount in controversy did not exceed $50,000, the action was scheduled for compulsory judicial arbitration under 42 Pa.C.S. § 7361, which provides for arbitration with a right of trial *de novo* on appeal from the arbitrators' award. Complaint Cover Sheet; Docket Entries at 2; 42 Pa.C.S. § 7361(d). Defendants filed preliminary objections to Plaintiff's complaint in which they sought dismissal of all claims against Majux other than Plaintiff's breach of contract claim, dismissal of all claims against Clark, and the striking of the breach of contract claim for failure to attach the parties' written contract. In these preliminary objections, Defendants did not seek relief based on an arbitration agreement between the parties, but stated in their motion to strike for failure to attach the contract that they "reserve the right to object to any amended complaint that properly attaches and alleges breach of the actual contract" on the ground that the contract required "disputes to be resolved by arbitration, not in court." 5/13/21 Preliminary Objections ¶57.

On October 7, 2021, the trial court overruled Defendants' preliminary objections. Defendants filed an answer and new matter on October 26, 2021, in which they denied liability to Plaintiff and asserted various defenses, a counterclaim by Majux for failure to pay amounts that it alleged that Plaintiff owed it under the contract, and counterclaims by Clark for assault and intentional infliction of emotional distress. Defendants attached the parties' written contract to their answer and new matter and pled that Plaintiff's claims

were barred by disclaimers and limitations of liability in the contract. Answer and New Matter ¶¶8, 54-55, 64 & Exhibit 1. Although the written contract contained a provision requiring that "[a]ny dispute" not resolved by good-faith negotiation "shall be settled by arbitration," Defendants did not plead in their answer and new matter that Plaintiff was required by the contract to arbitrate its claims or that Plaintiff's action was barred by this arbitration provision. Answer and New Matter ¶¶53-66 & Exhibit 1 § 21. Defendants also did not file any motion to compel arbitration under the contract.

The parties took discovery in the trial court, **see**, **e.g.**, Trial Court Order, 10/18/22, and the case proceeded to judicial arbitration under 42 Pa.C.S. § 7361. On April 19, 2023, the arbitrators issued an award finding in favor of Defendants on all of Plaintiff's claims, finding in favor of Majux on its counterclaim against Plaintiff and awarding Majux $12,000, and finding in favor of Plaintiff on Clark's counterclaims. Report and Award of Arbitrators. Plaintiff filed a timely appeal from the arbitrators' award requesting a trial *de novo* in accordance with 42 Pa.C.S. § 7361(d) on April 20, 2023.

On April 28, 2023, Defendants filed preliminary objections to Plaintiff's notice of appeal, asserting that the contract required arbitration of the claims in this action and that the arbitration that had taken place was a contractual arbitration from which Plaintiff had no right to a *de novo* appeal. On June 1, 2023, the trial court entered an order overruling Defendants' preliminary objections to the notice of appeal, concluding, *inter alia*, that Defendants were

barred by waiver from enforcing the contract's arbitration provision. Trial Court Order, 6/1/23; Trial Court Opinion at 5-7. Defendants timely appealed this order.

Defendants present the following single issue for our review:

Did the trial court err in overruling Appellants/Defendants' Preliminary Objections to a *de novo* Notice of Appeal of an arbitration award issued by a judicial arbitration panel where the contract between the parties specified that "any dispute" was to be "settled by arbitration" and a full and fair judicial arbitration took place and was the forum selected by the Appellee/Plaintiff?

Appellants' Brief at 5. In addition to arguing that the trial court properly overruled Defendants' preliminary objections, Plaintiff asserts that this appeal must be quashed because the trial court's order is an unappealable interlocutory order.

Because it goes to our jurisdiction to decide this appeal, we first address the issue of whether the trial court's order is an appealable order. Plaintiff is correct that an order overruling preliminary objections is an interlocutory order. *In re Estate of Atkinson*, 231 A.3d 891, 897 (Pa. Super. 2020); *Chase Manhattan Mortgage Corp. v. Hodes*, 784 A.2d 144, 145 (Pa. Super. 2001). An order overruling preliminary objections that seek to compel arbitration, however, is an interlocutory order appealable as of right pursuant to 42 Pa.C.S. § 7320(a)(1) and Pa.R.A.P. 311(a)(8). *Estate of Atkinson*, 231 A.3d at 897; *Saltzman v. Thomas Jefferson University Hospitals, Inc.*, 166 A.3d 465, 468 n.1 (Pa. Super. 2017); *Provenzano v. Ohio Valley General Hospital*, 121 A.3d 1085, 1089 n.1 (Pa. Super. 2015). This rule

- 4 -

applies even where the preliminary objection that asserts that the claim is subject to arbitration does not specifically request an order compelling arbitration. *Waters v. Express Container Services of Pittsburgh, LLC*, 284 A.3d 1217, 1221 n.1 (Pa. Super. 2022); *Estate of Atkinson*, 231 A.3d at 896-97; *Provenzano*, 121 A.3d at 1089 n.1, 1093.

Here, although Defendants' preliminary objections that are the subject of this appeal did not request an order compelling arbitration and asserted that the judicial arbitration that had occurred constituted binding arbitration, the preliminary objections did seek to enforce an agreement to arbitrate and sought a stay of the action "pending final resolution of the arbitration," not confirmation of the arbitration award. 4/28/23 Preliminary Objections ¶¶3-9, 14-43, 45-47, 50-57 & attached proposed order. Because the preliminary objections sought enforcement of an agreement to arbitrate and a stay of litigation pending arbitration, the trial court's order overruling these preliminary objections is appealable as of right pursuant to 42 Pa.C.S. § 7320(a)(1) and Pa.R.A.P. 311(a)(8), and we therefore have jurisdiction to hear this appeal. *Waters*, 284 A.3d at 1221 n.1; *Estate of Atkinson*, 231 A.3d at 896-97; *Provenzano*, 121 A.3d at 1089 n.1, 1093.

Defendants' argument that the trial court erred in denying enforcement of the parties' arbitration agreement, however, fails on the merits. The right to enforce an arbitration agreement can be waived. *DiDonato v. Ski Shawnee, Inc.*, 242 A.3d 312, 318 (Pa. Super. 2020); *Goral v. Fox Ridge,*

*Inc.*, 683 A.2d 931, 933 (Pa. Super. 1996). Where a party avails itself of the judicial process by engaging in discovery and litigating in court for an extended period of time without seeking to enforce its arbitration agreement, it waives its right to binding arbitration. *DiDonato*, 242 A.3d at 318-23; *O'Donnell v. Hovnanian Enterprises, Inc.*, 29 A.3d 1183, 1187-89 (Pa. Super. 2011); *Stanley-Laman Group, Ltd. v. Hyldahl*, 939 A.2d 378, 386-88 (Pa. Super. 2007).

Here, Defendants did not seek to compel arbitration in their preliminary objections to Plaintiff's complaint or plead in their answer and new matter that Plaintiff was required to arbitrate its claims. In addition, Defendants engaged in discovery in the trial court without raising any claim that Plaintiff was required to arbitrate its claims and did not assert a right to binding contractual arbitration for approximately two years while it litigated the case in court. Defendants raised the contention that the claims in the action were subject to binding arbitration only after participating in a non-binding arbitration that was part of the judicial process. By this conduct of lengthy, active litigation in court without any assertion of a right to contractual arbitration, Defendants availed themselves of the judicial process and waived their right to enforce their contract's arbitration agreement.

Defendants' contention that they did not need to compel arbitration at an earlier time because the judicial arbitration was an arbitration under the contract is without merit. If the judicial arbitration were to be converted to a

binding arbitration under the parties' contract from the compulsory arbitration under 42 Pa.C.S. § 7361 that it was scheduled to be, it was necessary that the parties agree or that the court determine prior to the judicial arbitration that it would be binding arbitration under the contract and not arbitration under 42 Pa.C.S. § 7361. Defendants did not at any time prior to the judicial arbitration contend or advise Plaintiff or the trial court that they considered the judicial arbitration to be a binding arbitration under the contract. Instead, Defendants first took the position that the judicial arbitration constituted an arbitration under the contract only after they had prevailed at the judicial arbitration, leaving themselves the option of obtaining a trial *de novo* if they did not like the result of that arbitration. Defendants' claim that they believed that the fact that the case was scheduled for judicial arbitration from the date that the complaint was filed obviated the need to raise the contractual arbitration issue is belied by their recognition in their initial preliminary objections to the complaint that the contract's arbitration requirement was an issue to be raised. 5/13/21 Preliminary Objections ¶57.

Because the trial court correctly held that Defendants waived their right to binding arbitration, we affirm its order overruling Defendants' preliminary objections seeking to enforce that right to binding arbitration.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>2/26/2024</u>